40 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
39058 AND 39060 E. KNIERIEM ROAD, CORBETT, MULTNOMAH COUNTY,
OREGON, parcels of real property with buildings,
appurtenances, and improvements, Defendant,
Martin Hobart STANWOOD, Claimant-Appellant.
 
 No. 93-36150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin H. Stanwood appeals pro se the district court's denial of his second motion to reopen the civil in rem forfeiture action that resulted in the seizure and forfeiture of his property. Stanwood alleges that he never authorized his attorney to sign a settlement agreement which was the basis of the forfeiture. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 A district court's decision on a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) is reviewed for an abuse of discretion. Northern Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir.1992). Our review is limited to the denial of the Rule 60(b) motion and does not extend to the merits of the underlying judgment. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 
 4
 Rule 60(b) provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 114 S.Ct. 60 (1993). Thus, the moving party must show "both injury and that circumstances beyond its control prevented timely action to protect its interests." Id.
 
 
 5
 We review the district court's findings of fact under the clearly erroneous standard giving due regard to the "opportunity of the trial court to judge [ ] the credibility of the witnesses." Fed.R.Civ.P. 52(a); Brooker v. Desert Hosp. Corp., 947 F.2d 412, 415 (9th Cir.1991).
 
 
 6
 On 20 August 1991, the United States Attorney for the District of Oregon instituted civil forfeiture proceedings seeking the forfeiture of 39058 and 39060 E. Knieriem Road, Corbett, Multnomah County, Oregon. On 9 October 1991, Stanwood's attorney filed a claim to the defendant real property. On 29 October 1991, Stanwood's attorney filed an answer. In December 1991, a settlement was reached between Stanwood's attorney and an Assistant United States Attorney. On 17 March 1992, the government filed the Settlement Agreement along with a Motion for Default and Final Judgment of Forfeiture. On 26 March 1992, the district court entered the Order of Default and the Final Judgment of Forfeiture.
 
 
 7
 On 16 August 1993, Stanwood filed his second motion to reopen the civil in rem forfeiture action alleging that he had not authorized his attorney to enter into the settlement agreement filed in this case.[1] On 22 November 1993, the district court held an evidentiary hearing. Stanwood testified that he was aware that his attorney was negotiating with representatives of the United States Attorney's Office, and that he discussed the settlement with his attorney. Stanwood testified, however, that he never signed the settlement agreement, and that he did not see the settlement agreement until August 1993. Stanwood's attorney testified that Stanwood had in fact authorized him to sign the settlement agreement and that the documentation was in Stanwood's file. Stanwood's sister-in-law testified that no such documentation was in Stanwood's file when she received it from Stanwood's attorney. Faced with a direct conflict of testimony between Stanwood and his attorney, the district court concluded that the attorney's testimony was more credible than Stanwood's testimony. Thus, the district court concluded that Stanwood's attorney did inform him of the settlement agreement and secured Stanwood's consent.
 
 
 8
 Notwithstanding Stanwood's protestations to the contrary, there is sufficient evidence to support the district court's finding that Stanwood authorized his attorney to sign the settlement agreement. Stanwood testified that he knew that his attorney was negotiating with representatives of the United States Attorney's Office, and that he discussed these negotiations with his attorney. Most importantly, Stanwood's attorney testified that Stanwood authorized him to sign the settlement agreement. Thus, because we must defer to the district court's credibility determination, we conclude that the finding that Stanwood authorized his attorney to sign the settlement agreement is not clearly erroneous. See Fed.R.Civ.P. 52(a); Brooker, 947 F.2d at 415. Therefore, Stanwood has failed to demonstrate that these are extraordinary circumstances warranting relief from judgment. See Alpine Land & Reservoir, 948 F.2d at 1049-50. Accordingly, the district court did not abuse its discretion by denying Stanwood's second motion to reopen the civil in rem forfeiture action. See Northern Alaska Envtl. Ctr., 961 F.2d at 889.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On 8 April 1993, Stanwood filed his first motion to reopen the civil in rem forfeiture action alleging that the search warrants were defective. On 5 August 1993, the district court held that since this issue had been adjudicated in Stanwood's criminal case, there was no need to revisit the issue